UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | |
|---|---|
| INDUSTRIAL TRANSPORT SERVICES, LLC, | |
| Plaintiff, | Case No. 3:15-cv-299 |
| vs. | |
| GEMINI TRANSPORT, LLC, *et. al.,* | District Judge Thomas M. Rose |
| | Magistrate Judge Michael J. Newman |
| Defendant. | |

## AGREED PROTECTIVE ORDER

In order to preserve and maintain the confidentiality of the information contained in certain documents produced between, by, or among plaintiff Industrial Transport Services, LLC ("Industrial Transport"), and defendants Gemini Transport, LLC ("Gemini") and Ale Dukic ("Dukic"), (collectively "the Parties"), and/or possibly third persons, pursuant to Fed. R. Civ. P. 26(c), IT IS ORDERED THAT:

1. Certain documents that are produced by the Parties to this action and third persons during discovery in this matter contain confidential or proprietary information, such as trade secret or other sensitive, non-public business or personal information ("Protected Information"). Such Protected Information includes, without limitation, information regarding advertising or marketing strategies (including information relates to the parties' vendors and brokers), financial information (sales data, financial statements, bank statements, ledgers, capital expenditures, tax returns), and commercial information (business plans, pro formas, business prospectuses, or other projections), customer information, and personnel information.  Documents containing or reflecting Protected Information, including but not limited to extracts, memoranda, notes, and correspondence quoting from or summarizing such Protected Information, shall hereafter be

referred to as "Protected Documents." The parties agree and understand that the disclosure of Protected Documents and the information contained therein could subject the producing party to injury, including, but not limited to: disclosure of trade secrets; disclosure of sensitive vendor, broker, driver, and customer information; disclosure of sensitive business information to competitors of the producing party; and potential breach of the producing party's contractual obligations to maintain the confidentiality of such information.

2. When used in this Agreed Protective Order, the terms "document" or "documents" are broadly defined to include all writings maintained in any media, including, without limitation: abstracts, advertisements, agendas, agreements, analyses of any kind, articles, blueprints, brochures, charts, compilations, computer runs and printouts, e-mail, letters, reports (including reports or notes of telephone or other conversations), memoranda, brochures, books, ledgers, drawings, photographs, specifications, drafts, catalogs, invoices, bills of materials, purchase orders, proposals, contracts, and other writings of whatsoever nature, including databases and spreadsheets, and audio and video recordings, whether on paper or magnetic tape or other non-paper information storage means, including film and computer memory devices or storage media or any data stored in internet accounts, including Gmail, or other e-mail accounts or "Dropbox" or other Internet-based storage accounts, and any data stored in portable devices, including Blackberries, mobile phones, tablets, laptop computers, and portable hard drives or memory sticks. This includes, but is not limited to, such material in the form of Electronically Stored Information ("ESI"), that is, any data present in memory or on magnetic or optical storage media.

3. Both the Protected Documents and the information contained therein shall be treated as confidential and shall be used solely for the purpose of prosecuting or defending this action. Except upon the prior written consent of the producing party and the party that is the subject of

the information, which consent shall not unreasonably be withheld, or upon further order of the Judge Thomas M. Rose and/or the United States District Court for the Southern District of Ohio and/or any court that may subsequently have jurisdiction over this action (Judge Thomas M. Rose, the United States District Court for the Southern District of Ohio, and any court having jurisdiction over this matter are referred to as a "Court" or as the "Courts"), the Protected Documents or information contained therein which are designated as "Confidential – Subject to Protective Order" or similar phrase, may be shown, disseminated, discussed or disclosed only to the following persons:

a. Counsel of record in this action, other members of counsel's law firm, and any other counsel associated to assist in the preparation or hearing of this action;

b. Employees of counsel of record or of associated counsel who assist in the preparation or hearing of this action;

c. The Parties;

d. Outside experts and consultants retained by any party in good faith for the preparation or hearing of this action;

e. Employees of the Parties' insurance carriers;

f. Current or former employees or agents of the party or person who produced the Protected Document;

g. Persons testifying as witnesses either at a deposition, a hearing or other proceedings before a Court, for the purpose of examination of the witnesses, provided that there is a reasonable basis to believe that the witnesses could give relevant testimony regarding such Protected Information or Protected Documents if called as a witness;

h. Persons authorized to review the material pursuant to legal process;

i. Stenographic reporters engaged for depositions or proceedings necessary to this action;

j. Employees of outside copy services used to make copies of Protected Documents; and

k. The Courts and their staffs.

4. If the receiving party wishes to disclose a Protected Document to a party not listed in Paragraph 3 above, counsel for the receiving party shall so advise counsel for the producing party. Counsel for the producing party shall advise counsel for the non-producing party within five (5) business days if it objects. If counsel for the producing party objects, the Protected Documents and Protected Information shall not be disclosed to the proposed recipient until the propriety of the objection is ruled on by the Court. If the disclosure is to be made during a deposition, any objection thereto shall be made on the record.

5. Before receiving access to any of the Protected Documents, or the information contained therein, that was produced by an opposing party, each person described in subparagraphs 4(c) through 4(k) above shall be advised of the terms of this Agreed Protective Order, shall be given a copy of this Agreed Protective Order, and shall agree in writing to be bound by its terms and to be subject to the jurisdiction of the Court, by either signing a copy of this Agreed Protective Order or a declaration in the form attached as Exhibit 1 or, if during a deposition, then by oral declaration on the record in substantially the same language as Exhibit 1.

6. Nothing in this Agreed Protective Order shall relieve any former employee of any producing party or third person of any previous existing obligations to maintain in confidence information or documents obtained in the course of his or her employment.

7. Prior to designating any material as "Confidential—Subject to Protective Order", the producing party will make a bona fide determination that the material is, in fact, subject to the Agreed Protective Order as designated. If a receiving party disagrees with the designation of any

document, it will so notify the producing party in writing at any time after production of the designated document and, if the parties cannot resolve the issue within ten calendar (10) days of the producing party's receipt of the notice, the receiving party will have the option to apply to the Court to set a hearing for the purpose of establishing whether good cause exists for the document to be protected. The party who objected to the designation of a document as "Confidential—Subject to Protective Order" has the burden of proving that good cause does not exist for a document to come within the protection of or be subject to this Agreed Protective Order. The objecting party will treat any document so-marked as "Confidential-Subject to Protective Order" as originally designated, until the Court enters a contrary ruling on the matter.

8. To the extent that Protected Documents or information contained therein, are used in any filing with the Court, such filed documents or information shall remain subject to the provisions of this Agreed Protective Order. In connection with any hearing before the Court or submission to the Court (such as motion practice), any party may request that the Court seal the record with regard to any Protected Documents or Protected Information designated by that party. The parties acknowledge that the Court shall make the ultimate determination on whether to grant a request to seal the record with respect to any Protected Documents or Protected Information.

9. To the extent that Protected Documents or Protected Information are used in the taking of depositions, such documents or information shall remain subject to the provisions of this Agreed Protective Order. With respect to any deposition or hearing transcript, the producing party may, on the record or within thirty (30) days after receipt of the transcript, designate portions of the transcript relating to the information specified in paragraph 1 above as Protected Documents or Protected Information as "Confidential—Subject to Protective Order" under this Agreed Protective Order.

10. Counsel for each party will maintain a list of all persons who were provided with any Protected Document or thing or information contained therein that was produced by the opposing party, along with the signed Agreed Protective Order or declaration, where applicable. The list and each signed Agreed Protective Order or declaration shall be available for inspection by the Court and, at the conclusion of this action, by the producing party.

11. Upon the final disposition of this action (by settlement, entry of a final, non-appealable judgment, or exhaustion, non-pursuit, or abandonment of any appeal), the attorneys for the Parties shall return any Protected Documents to the party or witness from whom it was obtained, or destroy the Protected Documents, those portions of any papers filed with the Court that contain or constitute Protected Documents, and all copies of such Protected Documents and papers, pursuant to the instructions of the party that designated the Protected Documents as such, unless otherwise agreed to by the designating party or ordered by the Court or a court of appropriate authority. If no instructions are received from the designating party, all Protected Documents shall be destroyed no later than 90 days after the conclusion of a final non-appealable judgment or determination of this action. When Protected Documents have been destroyed pursuant to this provision, a certificate of destruction shall be provided, upon request, to counsel for the designating party. (A copy of the Certificate of Destruction to be used by counsel is attached hereto as Exhibit 2). Counsel for the parties shall be entitled to retain all material that constitutes work product and such pleadings, memoranda, and/or briefs containing Protected Documents to the extent necessary to preserve a file of the action, so long as such materials are maintained in strict accordance with the terms of this Agreed Protective Order.

12. The designation of documents or other information as Protected Documents pursuant to this Agreed Protective Order is intended solely to facilitate the preparation and trial of the action.

Treatment of such material in conformance with the designation does not constitute an admission by any party that the designated Protected Documents or other information constitute trade secrets or are otherwise proprietary or confidential.

13. The Parties reserve the right to apply to the Court for an order modifying or amending the terms of this Agreed Protective Order, either upon consent of all other parties or upon a showing of good cause and other appropriate showing under the particular circumstances.

14. After the termination of this action, the provisions of this Agreed Protective Order shall continue to be binding.

15. The Parties and every person who agrees to be bound by the terms of this Agreed Protective Order agree that the Court shall have jurisdiction over the Parties, their attorneys, and experts for enforcement of the provisions of the Agreed Protective Order following the termination of this litigation and, by the parties' stipulation to this Agreed Protective Order, hereby consent to the Court's jurisdiction.

16. This Agreed Protective Order shall be binding upon the Parties, upon their attorneys, and upon the Parties' and their attorneys' successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, and other persons and organizations over which they have control.

17. Nothing in this Agreed Protective Order shall preclude any party from disclosing any of its own Protected Documents or Protected Information to anyone and such disclosure in and of itself shall not be deemed to waive the designation as Protected Documents or Protected Information pursuant to this Agreed Protective Order.

18. All Protected Documents shall be retained at the offices and under the direct control of the Parties, counsel of record, or such counsel's experts or consultants who have indicated their

understanding and agreement with the terms of this Agreed Protective Order, and who shall use their best efforts to prevent disclosure thereof except in strict accordance with the terms of this Agreed Protective Order. Nothing in this Agreed Protective Order shall bar or otherwise restrict any counsel of record from rendering advice to such counsel's client with respect to this action, and in the course thereof from relying in a general way upon his or her examination of any Protected Documents.

19.  If a party that is in possession of Protected Documents produced by another party receives a subpoena or other request for production or disclosure of such Protected Documents, then, within five (5) business days thereafter, the party receiving the subpoena or request for production or disclosure shall give written notice to counsel for the party that produced the Protected Documents identifying the Protected Documents sought and the date and time production or disclosure is requested or required. Thereafter, at the option and cost of the party that produced the Protected Documents, in its sole and absolute discretion, either the party that produced the Protected Documents or the party that received the subpoena or request for production or disclosure shall timely move to quash or modify the subpoena pursuant to the applicable jurisdiction's authority.

20.  The restrictions and obligations set forth herein relating to Protected Documents or Protected Information shall not apply to any document or information which: (a) the parties agree, or the Court rules, is already public knowledge or becomes public knowledge other than as a result of disclosure by the receiving party; or (b) has come or shall come into the receiving party's legitimate possession independently of the producing party. Such restrictions and obligations shall not be deemed to prohibit discussions with any person of any Protected Documents or Protected Information if said person already has or obtains legitimate possession

thereof. In the event of a dispute, the party asserting that Protected Documents or Protected Information came into its possession independently or through public disclosure shall have the burden of proof on that issue.

21. Nothing in this Agreed Protective Order shall prejudice in any way or waive in any respect the right of any producing party (or third parties) to assert any privilege as to any documents, whether or not designated as Protected Documents, pursuant to this Agreed Protective Order, and the inadvertent production of any privileged or otherwise protected document shall not be deemed a waiver or impairment of any claim of privilege or protection. This Agreed Protective Order shall not preclude any party from seeking and obtaining from a Court or any court of competent jurisdiction such additional protections with respect to the confidentiality of documents, responses, or testimony as that party may consider appropriate. This Agreed Protective Order shall not abrogate or diminish any contractual, statutory, or other legal right or obligation of any party or person with respect to the Protected Documents or Protected Information.

22. In discovery in this matter, the parties and third parties producing documents in this matter do not intend to disclose information subject to a claim of attorney-client privilege, attorney work product protection, or any other privilege. If, nevertheless, a party or third party ("Disclosing Party") inadvertently discloses such privileged or work product information ("Inadvertently Disclosed Information") to another party ("Receiving Party"), whether or not such documents or information are designated as Protected Documents, the following provisions will apply:

a. Such disclosure shall not constitute or be deemed a waiver or forfeiture of any claim of attorney-client privilege, work product, or any other immunity that the Disclosing Party would

otherwise be entitled to assert with respect to the Inadvertently Disclosed Information and its subject matter.

b.  If a Disclosing Party notifies the Receiving Party of Inadvertently Disclosed Information, the Receiving Party shall return or destroy, within five business days, all copies of such information, including any document created by the Receiving Party based upon such information, and provide a certification of counsel that all such Inadvertently Disclosed Information has been returned or destroyed.

c.  No more than ten business days after providing notification of Inadvertently Disclosed Information, the Disclosing Party shall produce a privilege log listing such information.

d.  The Receiving Party may move the Court for an order compelling production of the Inadvertently Disclosed Information. Such motion shall be filed under seal and shall not assert as a ground for entering such an Order the fact or circumstances of the inadvertent production. On any such motion, the Disclosing Party shall retain the burden of establishing its privilege or work product claims. Nothing in this paragraph shall limit the right of any party to petition a Court for an in camera review of the Inadvertently Disclosed Information.

24.  This Agreed Protective Order shall remain in effect for the duration of the action, including any appellate proceedings or expiration of the time allowed therefor, unless modified or terminated by the mutual agreement of the Parties, or pursuant to order by the Court. The provisions of this Agreed Protective Order insofar as they restrict the disclosure, communication, treatment, and use of Protected Documents and Protected Information shall continue to be binding indefinitely after the termination of the action, unless the Court or any court of competent jurisdiction orders otherwise or the parties otherwise agree in writing.

25.  The parties agree to be bound by the terms of this Agreed Protective Order.

26. Per authority of *Procter & Gamble Co. v. Bankers Trust Co.*, 78 F.3d 219 (6th Cir. 1996), no document may be filed with the Court under seal without prior permission as to each such filing, upon motion and for good cause shown, including the legal basis for filing under seal. Documents filed under seal shall comply with Southern District of Ohio Local Rule 79.3. This Protective Order does not authorize filing under seal; any provisions in this Protective Order to the contrary are hereby stricken.

**IT IS SO ORDERED.**


Date:   January 28, 2016                           *s/ Michael J. Newman*
                                                   Michael J. Newman
                                                   United States Magistrate Judge

**HAVE SEEN AND AGREED:**


/s/ Curtis L. Cornett                              /s/ David W. Zahniser
Curtis L. Cornett     (0062116)
James C. Kezele    (0089610)                       John W. Garvey, III, Esq. (0058399)
Cors & Bassett, LLC                                David W. Zahniser, Esq. (0077560)
537 E. Pete Rose Way, Suite 400                    300 Buttermilk Pike
Cincinnati, Ohio 45202                             Suite 336
513-852-8200                                       Ft. Mitchell, KY 41017
Fax:  513-852-8222
clc@corsbassett.com                                Attorneys for Defendant
jck@corsbassett.com                                Gemini Transport, LLC

/s/ Andrew C. Ozete
Andrew C. Ozete (admitted *pro hac vice*)
Bamberger, Foreman, Oswald & Hahn, LLP
20 Northwest Fourth Street, 7th Floor
P.O, Box 657
Evansville, IN 47704
812-425-1591

Attorneys for Plaintiff
Industrial Transport Services, LLC

11

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**DAYTON DIVISION**

| | | |
|---|---|---|
| **INDUSTRIAL TRANSPORT SERVICES, LLC** | : | Case No. 3:15-CV-299 |
| | : | |
| **Plaintiff,** | : | **(Judge Rose)** |
| v. | : | |
| | : | **AGREEMENT CONCERNING PROTECTED MATERIAL** |
| **GEMINI TRANSPORT, LLC,** *et al.* | : | |
| | : | **COVERED BY AGREED PROTECTIVE ORDER** |
| **Defendants.** | : | |

The undersigned hereby acknowledges having read the Agreed Protective Order ("Order") in connection with the above-captioned action, understands the terms thereof, and agrees to be bound by the Order. The undersigned agrees that, except as set forth in the Order, the undersigned will not make copies of any confidential documents or communicate the contents of such material to any other person who has not signed an agreement in the form of this one, and the undersigned agrees to hold such confidential documents in confidence pursuant to the terms of the Order. In addition, the undersigned agrees that, at the completion of the undersigned's function in connection with the above-captioned action, all confidential material received by the undersigned and all documents, including, but not limited to, any charts, summaries or memoranda which in any way refer to the contents of such confidential material will be returned to the attorney who provided the confidential material to the undersigned, so that the confidential material may be returned or disposed of as provided in the Order.

Dated: _____          _____
                                                                        Signature

                                                                        _____
                                                                        Print Name

                                                                        Address:

                                                                        _____
                                                                        _____

                                                    _____

Phone: (\_\_\_) _____

Fax:    (\_\_\_) _____

Email: _____

EXHIBIT 1

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**DAYTON DIVISION**

| | | |
|---|---|---|
| **INDUSTRIAL TRANSPORT SERVICES, LLC** | : | Case No. 3:15-CV-299 |
| | : | |
| **Plaintiff,** | : | (Judge Rose) |
| | : | |
| v. | : | |
| | : | |
| **GEMINI TRANSPORT, LLC,** *et al.* | : | |
| | : | |
| **Defendants.** | : | |

## **CERTIFICATE OF DESTRUCTION**

The undersigned hereby represents that pursuant to the AGREEMENT CONCERNING PROTECTED MATERIAL COVERED BY AGREED PROTECTIVE ORDER, all Protected Documents within the possession, custody or control of the undersigned were destroyed.:

Dated: _____    _____
                             Signature

                             _____
                             Print Name

                             Address:

                             _____
                             _____
                             _____

14

Phone: (___) _____

Fax:  (___) _____

Email: _____